Imran F. Vakil, Esq. (Bar No. 248859)
 ivakil@nexiolaw.com
Angelo E. Mishriki, Esq. (Bar No. 305069)
 amishriki@nexiolaw.com
**NEXIO, PC**
245 Fischer Avenue
Suite C3
Costa Mesa, CA 92626
Phone:    (949) 478-6830
Facsimile:  (949) 478-1275
*Attorneys for Plaintiff, Sream, Inc.*

Bradford J. Dozier   SBN 142061
ATHERTON & DOZIER
1313 N. Center Street
Stockton, CA   95202
Telephone:  (209) 948-5711
*Attorney for Defendant*
*EMAD SAEED KASSEM MOHSEN*

Raul O. Pinochet
15662 Amar Rd.
La Puente, CA 91744
Phone: (909) 291-5340
Defendant In Pro Per

**UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SREAM, INC, a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>PANG YUN SIK A/K/A YUN SIK PANG; RAUL PINOCHET; EMAD SAEED KASSEM MOHSEN; and DOES 1-10 INCLUSIVE,<br><br>    Defendants. | Case No. 5:16-cv-00103-JGB-KK<br><br>**FRCP 26(f) JOINT REPORT**<br><br>**Date:   April 04, 2016**<br>**Time:   11:00 am**<br>**Place:  US District Court**<br>        3470 Twelfth Street<br>        Riverside, California 92501<br>        **Courtroom 1** |

**FRCP 26(f) REPORT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("FRCP"), Local Rule 26-1, and the Court's Order of December 28, 2015, Plaintiff, Sream, Inc. ("**Sream**"), and Defendants, Emad Saeed Kassem Mohsen ("**Mohsen**") and Raul Pinochet ("**Pinochet**"), (collectively "the Parties"), upon conferring on March 11, 2016, submit the following joint report.

## I. PRELIMINARY STATEMENT

The following report was prepared by three of the four litigants, but only executed by two of the four litigants.[1] Entry for Default against Defendant Pang Yun Sik a/k/a Yun Sik Pang ("**Sik**") has entered on March 15 [Dkt. 19]. As used herein, the term "**Defendants**" shall refer to Mohsen and Pinochet.

## II. BRIEF SYNOPSIS OF FACTS AND CLAIMS [ORDER NO. A]

### A. Plaintiff' Contentions

Headquartered in Germany since 1995, Mr. Martin Birzle d/b/a RooR ("RooR") is an award-winning designer and manufacturer of smoker's products. RooR products are widely recognized and highly acclaimed for its ornate and innovative products. For nearly two decades, RooR distinguished itself as the premiere manufacturer of water pipes because of its unwavering use of quality materials, and focus on scientific principles to facilitate a superior smoking experience, which have resulted in a significant following and appreciation amongst consumers in the United States. To protect its hard work and investment, RooR has applied for and received at least three federally registered trademarks (the "RooR Marks"), the earliest of which dates back to March 1999.

Since at least 2011, Plaintiff Sream, Inc. ("**Sream**") has been the exclusive licensee of the RooR Mark in the United States. Under the terms of its agreement, Plaintiff has manufactured advertised, marketed, and distributed water pipes in association with the

---

[1] Defendant Pinochet executed an earlier, incomplete version of the joint report that omitted Mohsen's portions. The version that Pinochet signed is attached at **Exhibit B**. As can be readily seen, the version is effectively identical to this report except as the preliminary statement is different and Mohsen's sections have been included.

RooR Marks. Sream has also been granted all enforcement rights to the RooR Marks.

Recently, Sream was made aware that unscrupulous entities were producing counterfeit products bearing the RooR Marks, and several shops in Southern California were selling counterfeits. Sream hired an independent investigator to locate retail shops and distributors selling such counterfeit RooR products. On October 3, 2013 and September 23, 2015, Sream's investigator made evidentiary purchases from Defendant Raul Pinochet and Defendant Emad Saeed Kassem Mohsen, respectively.[2]

Upon such discovery, Sream filed suit against both Defendants seeking redress for (1) Federal Trademark Infringement [15 U.S.C. § 1114]; (2) Counterfeiting [15 U.S.C. § 1117]; (3) False Designation Of Origin [15 U.S.C. §1125(a)]; (4) Unfair Competition [Cal. Bus. & Prof. Code § 17200]; and (5) Common Law Unfair Competition.

### B. Defendant Pinochet's Contentions

Defendant Pinochet purchased the product alleged in the complaint from one of two different wholesalers. Defendant assumed the wholesaler was selling him a fully licensed product. At no time did Defendant intend to sell an unlicensed product (Innocent Intent).

### C. Defendant Mohsen's Contentions

Defendant Mohsen purchased a tobacco products store in the summer of 2013, which included the transfer of existing, unitemized inventory. Since that time he has made additional purchases of smoking pipes, but relatively few in number, as his primary merchandise sales (~80%) are of cigarettes, cigars, and tobaccos. Defendant Mohsen is not aware of having sold any item falsely labeled with the RooR branding.

## III.   SUBJECT MATTER JURISDICTION [ORDER NO. B]

This is an action principally arising under the Lanham Act (15 U.S.C. §§ 1051 *et seq.*), wherein Plaintiff seeks redress for alleged infringement of federally registered trademarks, as well as the sale of counterfeit products being such federally registered

---

[2] Sream also identified a third defendant (Pang Yun Sik, a/k/a Yun Sik Pang) who has not responded to this action, and for whom a Clerk's Entry of Default will be or has been contemporaneously requested.

marks. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademark) and 28 U.S.C. § 1338(b) (unfair competition), and pendant jurisdiction over the remaining claims (state and common law unfair competition) pursuant to 28 U.S.C. § 1367.

## IV. LEGAL ISSUES [order no. C]

### A. Plaintiff's Description of the Principal Legal Issues:

Plaintiff contends that there are five principal legal issues: (1) Whether Defendants infringed the federally registered RooR Marks and/or imported/sold counterfeit water pipes bearing the RooR Marks; (2) The degree of intent and/or reckless indifference involved in said infringement and counterfeiting; (3) causation of harm; (4) scope of damages under all applicable statutes as pled; and (5) the viability of any potential affirmative defenses.

### B. Defendant Pinochet's Description of the Principal Legal Issues

Defendant Pinochet – Innocent Intent.

### C. Defendant Mohsen's Description of the Principal Legal Issues

Defendant Mohsen believes that, in addition to the factual question of whether the plaintiff can carry the burden of proof of demonstrating a sale of a falsely-labeled RooR product, the principal issues are (1) plaintiff's damages in light of a single sale without any bad faith or knowledge on the part of this defendant, (2) whether the particular application of the plaintiff's trademark on the product at issue with respect to defendant Mohsen constitutes a lawful use in commerce such that plaintiff may seek protection (see, e.g., *CreAgri v. USANA Health Sciences*, 474 F.3d 626 (9th Cir. 2007)).

## PARTIES AND NON-PARTY WITNESSES [ORDER NO. D]

### A. Plaintiff's Statement

At the present time, Plaintiff intends to depose and/or call to testify the following categories of persons at trial: (1) Plaintiff's principal and sales agents; (2) Plaintiff's licensor (if available); (3) Plaintiff's investigator; (4) Defendants' sales agents and/or marketing agents that sold the counterfeit products in dispute; and (5) Defendants' accountants; (4) Defendants' customers who purchased the counterfeit products in dispute.

Plaintiff is unaware as to whether some of the above identified categories of persons are presently employed by Defendants, and if not, whether they will be called as third party witnesses.

### B. Defendant Pinochet's Statement

Defendant Pinochet may conduct written discovery, interrogatories, document production, request for admissions.

### C. Defendant Mohsen's Statement

Defendant Mohsen anticipates conducting written discovery, including interrogatories, document production, and request for admissions, and the depositions and use at trial of plaintiff's investigator and product designers at Sream, Inc. Defendant Mohsen also anticipates calling to testify at trial himself as well as the seller Mohamed Chaibi to defendant Mohsen of the cigarette store where the alleged sale of the falsely-labeled product occurred.

## V. DAMAGES [ORDER NO. E]

### A. Plaintiff's Statement

Sream contends that Defendants, and each of them, are liable for damages as follows:

| Claim | Damages sought |
|---|---|
| Federal Trademark Infringement [15 U.S.C. § 1114]; | • Defendants' profits, actual damages, enhanced profits, and damages, costs, and reasonable attorney's fees under 15 U.S.C. §§ 1114 and 1116<br>• Treble damages under 15 U.S.C. §1117<br>• Injunctive Relief and an order requiring destruction of all infringing materials in each Defendant's possession under 15 U.S.C. §1118 |
| Counterfeiting [15 U.S.C. § 1117]; | • Statutory damages of up $2,000,000 per mark infringed under 15 U.S.C. §§ 1117(c)(2).<br>• In the alternative, Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits, and treble damages, costs, and reasonable attorney's fees under 15 U.S.C. §§ 1117(b) |
| False Designation Of Origin [15 U.S.C. §1125(a)]; | • Same as Federal Trademark Infringement, if found willful (alternative theory) |

| Unfair Competition [Cal. Bus. & Prof. Code § 17200] | • Injunctive relief<br>• Restitution |
|---|---|
| Common Law Unfair Competition. | • Injunctive relief and damages. *See Los Defensores, Inc. v. Gomez,* 223 Cal.App.4th 377 (Cal.App. 2 Dist., 2014). |

### B. Defendant Pinochet's Statement

Defendant is not seeking damages at this time.

### C. Defendant Mohsen's Statement

Defendant is not seeking damages and contends that plaintiff's damages are minimal in light of a single sale without any bad faith or knowledge on the part of this defendant and the minor portions of defendant Mohsen's sales that are derived from the sale of smoking devices.

## VI. INSURANCE [ORDER NO. F]

Sream is not aware of any insurance coverage.

## VII. ADDITIONAL PARTIES AND ANTICIPATED MOTIONS [L.R. 26-1(b), L.R. 26-1(e), AND ORDER NO. G]

At this time, Sream does not anticipate amending pleadings or adding parties. However, Plaintiff and the served Defendants reserve the right to add additional parties within ninety (90) days of the filing of this report should discovery reveal the need to add said additional parties, or in the event they are otherwise appropriate parties.

## VIII. MANUAL FOR COMPLEX LITIGATION [L.R. 26-1(a) AND ORDER NO. H]

Sream believes that this action should not be handled as a "complex case" under the Manual for Complex Litigation.

## IX. STATUS OF DISCOVERY [ORDER NO. I]

Discovery is anticipated to commence contemporaneous with the Filing of the instant report. While requests for informal documentary requests were made prior to the filing of this Report, no documents have been exchanged.

## X. DISCOVERY PLAN, PRIVILEGES and esi [FRCP 26(f)(3)(A)-(F) AND ORDER NO. J]

Sream believes that discovery should take place pursuant to the Federal Rules of Civil Procedure and should not be limited or conducted in phases, except as provided by the Federal Rules of Civil Procedure. Discovery will generally be needed on all of the allegations set forth in the Complaint, the allegations and contentions set forth in Defendants' Answers or otherwise asserted by Defendants, and the allegations and contentions contained in any future motion filed before the discovery cutoff. In Plaintiff's view, liability is incontestable, and Plaintiff's principal focus will be on the extent to which Defendants engaged in the sale of counterfeit products, and the degree of willfulness involved.

No changes need to be made to the form or requirement for disclosures under Rule 26(a). Sream believes that discovery should be conducted according to the Federal Rules of Civil Procedure and the local rules for the United States District Court for the Central District of California unless otherwise specified herein, modified by stipulation or ordered by the Court.

Finally, Sream anticipates preparing and executing a two-tier protective order pursuant to FRCP 26(c) which shall be presented to the Court in due course.

## XI. FACT DISCOVERY [FRCP 26(f)(3)(B) AND ORDER NO. K]

Sream believes that fact discovery should be conducted pursuant to the Federal Rules of Civil Procedure and that the final day for the completion of fact discovery should be Monday, September 19, 2016. Written Discovery has commenced and is believed to continue through the discovery cutoff.

## XII. EXPERT DISCOVERY [FRCP 26(f)(3)(B) and L.R.26-1(f) AND ORDER NO. L]

Sream recommends that expert discovery should be conducted pursuant to the Federal Rules of Civil Procedure, as follows:

1. **Expert Disclosures**: Monday, October 3, 2016
2. **Rebuttal expert disclosures**: Monday, October 24, 2016
3. **Expert discovery cutoff**: Monday, November 07, 2016

### XIII. CASE SCHEDULE AND DISPOSITIVE MOTIONS [L.R. 26-1(b) AND ORDER NO. M]

Sream recommends the final schedule be set as follows:

1. **Dispositive motion cutoff (hearing)**: Monday, December 19, 2016
2. **Final pre-trial conference**: Monday, February 06, 2017
3. **Trial**: Tuesday, February 21, 2017

Sream may file a motion for terminating sanctions if Defendants further refuse to cooperate. Sream anticipates filing a motion for summary judgment after the close of percipient discovery, but before the motion cutoff date. Summary Judgment is anticipated to resolve issues or liability, with the damages remaining for trial. At this time, it is unascertained whether the Parties will be filing Motions in Limine, or their intended scope.

### XIV. SETTLEMENT AND ADR PROCEDURES [L.R. 26-1(c); ORDER NO. N]

Settlement discussions have already begun. Sream request settlement procedure number three set forth in Local Rule 16-15.4 (Private Mediation). Sream anticipates that, in all events, the settlement procedure must be completed by September 23, 2016, or as otherwise deemed appropriate.

Defendant Pinochet requests procedure one (1) or two (2) unless Plaintiff agrees to pay for the private mediator.

### XV. ESTIMATED NUMBER OF *JURY* TRIAL DAYS AND TRIAL-RELATED MATTERS [L.R. 26-1(d) AND ORDER NO. O]

Sream estimates that the trial will take four (4) days to present both Plaintiff's and Defendants' case in chief. Further, Sream does not believe that there is any need for severance, bifurcation or other ordering of proof. Sream believes that trial shall be by jury. Sream estimates the need to call five to six witnesses.

### XVI. TRIAL COUNSEL [ORDER NO. P]

*For Plaintiff*: Imran F. Vakil and Angelo E. Mishriki

*For Defendant Mohsen:* Bradford J. Dozier

*For Defendant Raul Pinochet*: Raul Pinochet, *In Pro Per*

### XVII. INDEPENDENT EXPERT [ORDER NO. Q]

Sream does not anticipate or recommend the use of an independent expert or master.

### XVIII. TIMETABLE [ORDER NO. R]

Please see the Exhibit appended to this report.

### XIX. OTHER ISSUES [ORDER NO. S]

None.

### XX. MAGISTRATES

Sream does not consent to having a Magistrate Judge preside over all proceedings in this case.

Dated: March 21, 2016         **NEXIO, PC**

By: /s/ *Angelo Mishriki/* .
Angelo Mishriki, Esq.
Attorney for Plaintiff,
*Sream, Inc.*

Dated: March 21, 2016         **ATHERTON & DOZIER**

By: /s/ *Bradford J. Dozier* .
Bradford J. Dozier, Esq.
Attorney for Defendant,
*Emad Saeed Kassem Mohsen*

Dated: March 11, 2016         By: [FAILED TO SIGN THIS VERSION]
Raul O. Pinochet
Defendant *in Pro Per*

**EXHIBIT "A"**

| Case No. | 5:16-cv-00103-JGB-KK |
|---|---|
| Case Name: | Sream, Inc. v. Pang Yun Sik, et al. |

| Hearings | Plaintiff Sream's Request | Defendant Mohsen's Request | Defendant Pinochet's Request | Court Order |
|---|---|---|---|---|
| [X] Jury Trial   [ ] Court Trial **(Tuesday at 9:00 a.m.)** Length: 4 Days | 2/21/17 | 2/21/17 | 2/21/17 | |
| Final Pretrial Conference [L/R/ 16] and Hearing on Motions *in Limine* (Monday 2 weeks before trial) | 2/6/17 | 2/6/17 | 2/6/17 | |
| Last Date to Conduct Settlement Conference | 9/23/16 | 9/23/16 | 9/23/16 | |
| Last Date to *Hear* Non-Discovery Motions (Monday at 9:00 a.m.) | 12/19/16 | 12/19/16 | 12/19/16 | |
| All Discovery Cut-Off (including hearing all discovery motions) | 11/7/16 | 11/7/16 | 11/7/16 | |
| Expert Disclosure (Rebuttal) | 10/24/16 | 10/24/16 | 10/24/16 | |
| Expert Disclosure Initial | 10/03/16 | 10/03/16 | 10/03/16 | |
| Last Date to Amend Pleadings of Add Parties | 6/13/16 | 6/13/16 | 6/13/16 | |

ADR [L.R. 16-15] Settlement Choice [See Section XV above re Settlement Choice]

    [ ] Attorney Settlement Officer Panel

    [ ] Private Mediation

    [ ] Magistrate Judge