1
2
3
4

# UNITED STATES DISTRICT COURT

5

## CENTRAL DISTRICT OF CALIFORNIA

6

7   SREAM, INC., a California corporation,          Case No. 5:16-cv-00103-JGB-KK

8          Plaintiff,

9   v.                                              **STIPULATED FINAL JUDGMENT
                                                     AND PERMANENT INJUNCTION
10                                                   AGAINST DEFENDANT <u>PANG YUN
    PANG YUN SIK A/K/A YUN SIK PANG;                SIK A/K/A YUN SIK PANG</u>**
11  RAUL PINOCHET; EMAD SAEED
12  KASSEM MOHSEN; and DOES 1-10
    INCLUSIVE,
13

14          Defendants.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **FINAL JUDGMENT AND PERMANENT INJUNCTION**

This Court, having made the following findings of fact and conclusions of law pursuant to the parties' stipulation:

A.      Plaintiff Sream, Inc. ("Sream" or "Plaintiff") filed suit against Defendant PANG YUN SIK A/K/A YUN SIK PANG ("Pang"), alleging that Pang violated Sream's rights under 15 U.S.C. §§ 1114, 1116, 1125(a), (c), and (d), and Cal. Bus & Prof. § 17200 *et seq.* ("Action");

B.      The Parties entered into a settlement agreement as of June 01, 2016 ("Settlement Agreement"), which requires entry of the stipulated judgment set forth herein;

And good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      That judgment be entered in favor of Sream against Pang on all claims.

2.      For the purposes of binding preclusive effect on Pang as to future disputes between Pang and Sream, and only for such purposes, Pang admits the following:

      a.  Mr. Martin Birzle is now, and has been at all times since the dates of issuance, the owner of United States Trademark Registration Nos. 2,235,638; 2,307,176; and 3,675,839  (the "RooR Marks") and of all rights thereto and thereunder.

      b.  The RooR Marks are valid and enforceable.

      c.  Since at least 2013, Plaintiff Sream has been the exclusive licensee of the RooR Marks in the United States.  Mr. Birzle has been granted all enforcement rights to Sream to sue for obtain injunctive and monetary relief for past and future infringement of the RooR Marks.

      d.  Pang, by the actions described in the complaint, has infringed upon the RooR Marks.

3.      Pang, and those acting on Pang's behalf (including its owners, shareholders, principals, officers, agents, servants, employees, independent contractors, and partners), are permanently enjoined from producing, manufacturing, distributing, selling, offer for sale, advertising, promoting, licensing, or marketing (a) any product bearing the RooR Marks or

(b) any design, mark, or feature that is confusingly similar to the RooR Marks (collectively, the "**Injunction**").

4.     Pang is bound by the Injunction regardless of whether Mr. Martin Birzle assigns or licenses its intellectual property rights to another for so long as such trademark rights are subsisting, valid, and enforceable.  The Injunction inures to the benefit of Mr. Martin Birzle's successors, assignees, and licensees.

5.     This Court (or if this Court is unavailable, any court within the Central District of California) shall retain jurisdiction over all disputes between and among the Parties arising out of the Settlement Agreement and Injunction, the Stipulation which includes the Injunction, and this final judgment, including but not limited to interpretation and enforcement of the terms of the Settlement Agreement.

6.     The Parties waive any rights to appeal this stipulated judgment, including without limitation the Injunction.


IT IS SO ORDERED.


Dated:  June 16, 2016

United States District Court Judge